STURDEVANT *v.* STEVENSON.

Quo Warranto—Right to Hold Office of Supervisor—Irregularities in Absent Voters' Ballots.

> Where, in *quo warranto* proceedings by rival candidate to determine defendant's right to hold office of supervisor, irregularities in respect to absent voters' ballots were shown, but not sufficient to adversely affect result if all such ballots were thrown out, judgment was properly entered in favor of defendant (1 Comp. Laws 1929, § 3136 *et seq.*).

Appeal from St. Clair; Robertson (William), J. Submitted October 12, 1932. (Docket No. 83, Calendar No. 36,793.) Decided January 3, 1933.

*Quo warranto* by Chester Sturdevant against Albert E. Stevenson and the Township of Kimball, St. Clair county, to determine right to office of

supervisor. Judgment for defendants. Plaintiff appeals. Affirmed.

*Sullivan & Sullivan (Cornelius J. Sullivan,* of counsel), for plaintiff.

*Henry R. Baird,* for defendants.

CLARK, J. On *quo warranto* plaintiff asserts right to the office of supervisor and that defendant has usurped it and prays that defendant show by what right he holds the office.

The parties were rival candidates for the office at the last election. Defendant was elected by a large majority.

The proofs show irregularities in respect of absent voters' ballots. The township clerk obligingly went about the township at call and permitted, it is asserted, use of a number of absent voters' ballots contrary to the statute. 1 Comp. Laws 1929, § 3136 *et seq.*

No further facts need be stated. Defendant had judgment. Plaintiff has appealed.

As intimated by the trial judge, this was hardly the trial of title to the office. So far as the record shows both parties may have received votes thereby. If it be further assumed, as plaintiff contends, that the activities producing the irregularities were in aid of defendant's candidacy, and that he received full benefit thereof, it makes no difference, for if all these ballots were thrown out, still defendant's "majority would be so great that the result would not be in any way adversely affected," as held by the trial judge. We find no error.

Affirmed.

MCDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.